**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

**JUL 1 3 2022**

**MITCHELL R. ELFERS**
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,    )
                            )
       Plaintiff,        )     CRIMINAL NO. 22-1155 KG
                            )
   vs.                 )
                            )
**JAMES DOOLEY POLLOCK,**    )
                            )
       Defendant.     )

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **JAMES DOOLEY POLLOCK,** and the defendant's counsel, DANIEL ROBINSON:

## REPRESENTATION BY COUNSEL

1.      The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.      The defendant further understands the following rights:

     a.     to be charged and prosecuted by indictment;

     b.     to plead not guilty;

     c.     to have a trial by jury;

     d.     to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

     e.     against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The defendant hereby agrees to waive these rights and to plead guilty to the Information charging a violation of 18 U.S.C. §§ 2251(a), 2256(2)(A): Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct.

## ELEMENTS OF THE OFFENSE

4.      The elements of 18 U.S.C. §§ 2251(a), 2256(2)(A), Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, are:

a.      the defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

b.      at the time, the victim was a minor (under 18 years old); and

c.      the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer, or has actually been transported or transmitted using any means or facility of interstate or foreign commerce.

## SENTENCING

5.      The defendant understands that the minimum and maximum penalty the Court can impose is:

a.      imprisonment for a period of not less than 15 years and not more than 30 years, but, pursuant to 18 U.S.C. § 2251(e), if the Defendant has a prior conviction under Chapter 110, 18 U.S.C. § 1591, Chapter 71, Chapter 109A, or Chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the minimum and maximum penalty is imprisonment for a period of not less than 25 years and not more than 50 years, but if the Defendant has two or more such priors, then the minimum and maximum penalty is imprisonment for a period of not less than 35 years and not more than lifetime imprisonment;

2

b.      a fine not to exceed $250,000.00 or twice the pecuniary gain to the
        Defendant or pecuniary loss to the victim;

c.      a mandatory term of supervised release of not less than 5 years and not
        more than life. (If the defendant serves a term of imprisonment, is then
        released on supervised release, and violates the conditions of supervised
        release, the defendant's supervised release could be revoked--even on the
        last day of the term--and the defendant could then be returned to another
        period of incarceration and a new term of supervised release);

d.      a mandatory special penalty assessment of $100.00;

e.      an assessment of $5,000, per count, pursuant to 18 U.S.C. § 3014;

f.      an assessment, pursuant to 18 U.S.C. § 2259A, per count, of no more than:

        i.      $17,000.00 if convicted of 18 U.S.C. §§ 2252(a)(4) or
                2252A(a)(5);
        ii.     $35,000.00 if convicted of an offense for trafficking in child
                pornography as defined by § 2259(c)(3), which includes offenses
                under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), § 2252A(a)(1)
                through (4), § 2252A(g) (in cases in which the series of felony
                violations exclusively involves violations of §§ 2251(d), 2252,
                2252A(a)(1) through (5), or § 2260(b)), or § 2260(b);
        iii.    $50,000.00 if convicted of a child pornography production offense
                as defined by 18 U.S.C. § 2259(c)(1), which includes offenses
                under 18 U.S.C. §§ 2251(a) through (c), § 2251A, § 2252A(g) (in
                cases in which the series of felony violations involves at least 1 of
                the violations listed in this subsection), § 2260(a) or any offense
                under chapter 109A or chapter 117 that involved the production of
                child pornography (as such term is defined in § 2256);

g.      mandatory restitution pursuant to 18 U.S.C. § 2259.

6.      The parties recognize that the Sentencing Guidelines are advisory, and that the
Court is required to consider them in determining the sentence it imposes.

7.      The parties agree that, as part of the defendant's sentence, the Court may enter an
order of restitution pursuant to 18 U.S.C. § 2259.

8.      It is expressly understood and agreed by and between the defendant and the United
States that:

3

a.      The United States has made, and will make, NO AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of this case.

b.      The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the stipulations agreed to below.

c.      The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

d.      Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

9.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **I, James Dooly Pollock, admit that on or about December 7, 2021, I sent through WhatsApp a video I had produced of myself engaged in sexually explicit with a fourteen-year-old minor female, who is identified as V1 in the criminal complaint. In the video, I am having vaginal intercourse with V1. I know that in order to use the social media platform WhatsApp, I had to connect to the internet, which I now know is a facility of interstate commerce. Thus, I recognize that the interstate commerce element of my offense is satisfied.**

*Conduct KS* [handwritten annotation in left margin]

10.     By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

11.     The United States and the defendant stipulate as follows:

        a.      Pursuant to USSG § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two levels from the base

5

offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

        b.      Provided the defendant meets the requirements of USSG § 3E1.1(b), the government agrees to move for a reduction of one additional level from the base offense level as calculated under the sentencing guidelines.

        c.      Apart from the provisions in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines and adjustments under the guidelines.

      12.      The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

<u>RESTITUTION</u>

      13.      The defendant understands that restitution is this case is mandatory, pursuant to 18 U.S.C. § 2259. The defendant understands that an unanticipated amount of a restitution order will

not serve as grounds to withdraw the defendant's guilty plea. The defendant further agrees to comply with any restitution order entered into at the time of sentencing. The defendant further agrees that the defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the provable losses caused by the defendant's activities. The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

14.     The defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, the defendant agrees that, before sentencing, the defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by the defendant. The defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since December 7, 2021, including the location of the assets and the identity of any third party.

15.     The parties will jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. *See* 18 U.S.C. § 3664(k), (n).

16.     The parties will also jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, before the defendant transfers any interest in property owned directly or indirectly by the

7

defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. *See* 18 U.S.C. § 3664(k), (n).

17.     The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and will be subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

<u>FORFEITURE</u>

18.     The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

19.     The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

      a.   Purple Moto G Pure Cell Phone IMEI: 352304805623600

      b.   Black LG Premier Pro Plus L455DL, Serial Number: 101HUYN0463786

20.     The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

21.     The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

22.     The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property.  The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## DEFENDANT'S OBLIGATIONS

23.     The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions.  The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation.  The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

24.     The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

9

25.     By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless:  (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal.  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

26.     By signing this plea agreement, the Defendant knowingly and voluntarily waives any rights and defenses the Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to imposition of special or other assessments.

SEX OFFENDER REGISTRATION AND NOTIFICATION

27.     The defendant understands that by pleading guilty, the defendant will be required to register as a sex offender upon the defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that the defendant shall keep the defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change. The defendant shall comply with requirements to periodically verify in person the defendant's sex offender registration information. The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with

10

any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

28.     As a condition of supervised release, the defendant shall initially register with the state sex offender registration in New Mexico and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

29.     The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## WAIVER OF APPEAL RIGHTS

30.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law.  The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range.  The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18

11

U.S.C. § 3553(a). In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

31.     Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

32.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

33.     The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

34.     The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

35.     At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

36.     Pursuant to 18 U.S.C. § 3014, if the Defendant is found to be non-indigent, the Defendant will also tender to the United States District Court, a money order or certified check payable to the order of the United States District Court in the amount of $5,000, per relevant count of conviction.

37.     The parties agree that the United States will request the Court to order the Defendant to pay an assessment of up to $50,000, per relevant count of conviction.   Any assessment imposed shall be paid to the United States District Court by money order or certified check payable to the order of the United States District Court.

## ENTIRETY OF AGREEMENT

38.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.  The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.  This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this ____19th____ day of _____May_____, 2022.

ALEXANDER M.M. UBALLEZ
United States Attorney

MARISA A. ONG
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

14

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
JAMES DOOLEY POLLOCK
Defendant

I am the attorney for JAMES DOOLEY POLLOCK. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
Darren DANIEL ROBINSON
Attorney for Defendant