IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) NO. 22-CR-01155 KG |
| JAMES DOOLEY POLLOCK, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO
THE PRE-SENTENCE REPORT**

The United States of America hereby responds to Defendant's Objection to the Pre-Sentence Report. Doc. 42. The defendant objects to the Pre-Sentence Report's (PSR) application of USSG § 2G2.1(b)(3) which provides for an enhancement for knowingly engaging in distribution. The Defendant argues that the government has not proven by a preponderance of the evidence that the enhancement applies in this case. For the reasons set forth below, the United States respectfully requests that the Court find that the application of this enhancement is proper and asks the Court to find that a two-level enhancement pursuant to USSG § 2G2.1(b)(3) applies.

As noted in the United States' Response to Defendant's Sealed Sentencing Memorandum, the United States asserts the application of this enhancement is proper. *See* Doc. 35. In support of that conclusion, the United States not only cites to the Guidelines itself but also provides several cases from separate circuits to support such argument. *Id.*

1. <u>Defendant's conduct qualifies as "distribution" under the plain language of the definition provided in the Guidelines</u>

Section 2G2.1(b)(3) instructs sentencing courts to increase a defendant's sentence "if the defendant knowingly engaged in distribution."

Application Note 1 in the Sentencing Guideline 2G2.1 provides a specific definition for "distribution" for sentencing enhancement purposes:

> "'Distribution' means any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant."

Under this definition, "distribution" is defined relatively expansively as "any act … related to the transfer of material involving the sexual exploitation of a minor." USSG § 2G2.2, cmt. (n.1); *see United States v. Hecht,* 470 F.3d 177, 182-83 (4th Cir. 2006) ("The term 'any' at the outset of the first sentence of the definition of 'distribution' in Application Note 1 'is a term of great breadth.'").

The Commentary broadens the scope of "distribution" to apply not only to those defendants who directly distribute child pornography to other persons, but also to those "individuals who are indirectly involved in distribution … such as producers and transporters …" *United States v. Probel*, 214 F.3d 1285, 1288 (11th Cir. 2000).

As discussed in *United States v. Probel*, "giving Application Note 1 its most natural reading, it enlarges, rather than limits, the applicability of the enhancement. *Probel,* 214 F.3d at 1288. In addition to defendants who distribute child pornography, Application Note 1 makes clear that individuals who are indirectly involved in distribution for profit, such as producers and

2

transporters, are also subject to the enhancement. *See id*. It was drafted to expand liability to cover these other individuals and should not be understood to limit the application of the enhancement to exclude individuals like Probel." *id.* ("Application Note 1 ... is most easily read as intended to avoid an overly narrow reading of distribution."). Thus, the term "distribution" should be given its ordinary meaning of "to dispense" or "to give out or deliver." *See* Webster's Third New International Dictionary 660 (1981).

Here, the Defendant not only produced child pornography but then subsequently distributed it to another. For instance, the Defendant took photos and video of himself and V1 engaged in sexual activity, and later transmitted those images via his cell phone to V1. In doing so, the Defendant committed an "act … related to the transfer of material involving the sexual exploitation of a minor." *See* USSG § 2G2.1, cmt.n.1. He also engaged in "transmission … related to the transfer of material involving the sexual exploitation of a minor." *Id*. The conclusion that the Defendant engaged in "distribution" follows directly from the text of the definition in the Guidelines.

2. <u>The Government cites to cases in which courts have upheld sentencing enhancements for distribution under analogous circumstances</u>

In satisfying its burden, the Government cites to a similar set of facts in which the Ninth Circuit Court of Appeals affirmed the lower district court that held the distribution enhancement under USSG § 2G2.1(b)(3) applies when the illicit pornographic images are transferred to a minor victim depicted in the images. *United States v. Hernandez*, 894 F.3d 1104, 1109 (9th Cir. 2018) ("This appeal requires us to consider whether the distribution of pornography enhancement set forth in United States Sentencing Guidelines ("USSG") § 2G2.1(b)(3) applies where a perpetrator

creates an illicit image of a minor victim and shares it only with the victim herself, rather than with a third party. We hold that such conduct constitutes "distribution" as that term is defined in the Sentencing Guidelines and accompanying commentary, and we therefore affirm the distribution enhancement imposed by the district court.").

Furthermore, in *United States v. McGavitt*, 28 F.4th 571, 576 (5th Cir. 2022), the Fifth Circuit found no error when the court applied the distribution enhancement when it coerced the victim into taking pictures that she then sent to the defendant. The court said that the actions constituted distribution because the pictures were sent to the defendant at his request. *Id*. Likewise, in *United States v. Holt*, 408 F. App'x 229, 239 (11th Cir. 2010), the Eleventh Circuit affirmed application of the enhancement when the defendant merely showed pornographic images on his cell phone to a third party.

As such, the United States asserts the application of this enhancement is proper and asks the Court to find that a two-level enhancement pursuant to USSG § 2G2.1(b)(3) applies. For the foregoing reasons, the United States request this Court deny the Defendant's objections to the Pre-Sentence Report.

    Respectfully submitted,

    ALEXANDER M.M. UBALLEZ

    United States Attorney

    *Electronically Filed 6/16/23*
    CLARA N. COBOS
    Assistant United States Attorney
    200 N. Church Street
    Las Cruces, NM 88001
    (575) 323-5259

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system which will send electronic
notification to defense counsel of record on this date.

*<u>Electronically Filed 6/16/23</u>*
CLARA N. COBOS
Assistant United States Attorney